# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6479 | **DATE** | 3/19/2004 |
| **CASE TITLE** | USA ex rel TERRANCE PICKENS vs. JOHN BATTLES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants Respondent's motion to dismiss Pickens' petition for a writ of habeas corpus on the ground that the petition is untimely. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| United State of America ex rel. TERRANCE PICKENS, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| JOHN BATTLES, Warden, Illinois River Correctional Center, | ) ) ) ) | 03 C 6479 |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Terrance Pickens' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss Pickens' petition for a writ of habeas corpus on the ground that the petition is untimely.

## FACTUAL BACKGROUND

On April 18, 1997, Petitioner pleaded guilty to one count of first degree murder in the Circuit Court of Cook County and was sentenced to a fifty-year prison term. *People v. Pickens*, No. 95 CR 24581 (Apr. 18, 1997). Petitioner did not file a direct appeal following his guilty plea and sentence. (Pet. Habeas at 2.)

On January 21, 1999, Petitioner filed a post-conviction petition in the Circuit Court of Cook County, which, on January 20, 2000, was dismissed. (*Id.* at 3.) Petitioner appealed, and on February 5, 2002, the Illinois Appellate Court affirmed the trial court's dismissal order. (*Id.*)

On June 17, 2002, Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on October 2, 2002. (*Id.*) On September 12, 2003, Pickens' petition for writ of habeas corpus was received by the Clerk of the U.S. District Court for the Northern District of Illinois. (*Id.* at 1.)

## DISCUSSION

Respondent has moved to dismiss Petitioner's petition solely on the grounds that the petition is barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The time begins to run from the latest of certain categories of dates, only one of which arguably applies in the instant case, *i.e.*, the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As stated above, Petitioner did not file a direct appeal following his guilty plea and sentence. The time for direct review (*i.e.*, the filing of a notice of appeal to the Illinois Appellate Court) expired on May 18, 1997, 30 days after April 18, 1997, the date on which Petitioner pleaded guilty. *See* ILL. S. CT. R. 604(d). Respondent argues that section 2244(d)(1)'s one-year limitations period began on May 18, 1997, and hence, Petitioner's right to petition for writ of habeas corpus expired on May 18, 1998. Because Petitioner did not file his petition until September 12, 2003, Respondent argues that Pickens' petition is time-barred. The Court agrees.

The plain language of section 2244(d)(1)(A) provides for a one-year limitation period, and the clock started ticking on May 18, 1997. The clock kept ticking and time ran out before Petitioner filed his post-conviction petition. Accordingly, 28 U.S.C. § 2244(d)(2), which

2

provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection" does not come into play because the one-year statute of limitation had already expired before Petitioner filed his post-conviction petition.

In *Johnson v. McCaughtry*, prior to his filing of his habeas corpus petition, a petitioner lodged two improperly filed post-conviction petitions and then finally brought a properly filed post-conviction petition arguing ineffective assistance of trial and appellate counsel which was addressed by the state courts on the merits. 265 F.3d 559, 564-65 (7th Cir. 2001), *cert. denied*, 535 U.S. 937 (2002). The Seventh Circuit rejected petitioner's argument that because the state court eventually reached the merits of the third and the only properly filed post-conviction petition, the statute of limitation should toll all of the intervening time between the start of the limitation period and the filing of his third properly filed post-conviction petition. *Id.*

Bound by the *Johnson* court's holding, this Court holds that Pickens' properly filed post-conviction petition, which he filed 612 days after the beginning of the one-year limitation period, does not serve to toll all of the intervening time between the start of the limitation period and the filing of his post-conviction petition in which he argued ineffective assistance of trial counsel. As the *Johnson* court stated: "Under this rationale, a petitioner could file a petition years after the limitations period expired, so long as the state court eventually entertained it on its merits. This would allow a petitioner to successfully circumvent the statute of limitations period." *Id.* at 564. If this Court were to toll the intervening time between May 18, 1997, the date marking the expiration of the time to seek direct review, and January 21, 1999, the date on which his post-conviction petition was properly filed, it would be allowing petitioner to circumvent the one-year

3

statute of limitation period. This it clearly cannot do.

Accordingly, because 612 days elapsed between the date on which the time for seeking direct review expired and the filing of Pickens' properly filed post-conviction petition and roughly 344 days elapsed between the date on which the Supreme Court of Illinois denied his petition for leave to appeal the denial of his post-conviction petition and date of his filing of his habeas corpus petition, totaling 956 days, the Court holds that the instant petition must be dismissed as untimely.

## CONCLUSION

For the above reasons, the Court grants Respondent's motion to dismiss on the basis of untimeliness. This case is hereby terminated.

**SO ORDERED**          **ENTERED:** 3/19/04

HON. RONALD A. GUZMAN
**United States Judge**